B. Otis Felder, Esq., (CSB #177628)
*CSB Certified Admiralty & Maritime Law Specialist*
Email: Otis.Felder@wilsonelser.com
WILSON ELSER MOSKOWITZ
EDELMAN & DICKER LLP
655 Montgomery Street, Suite 900
San Francisco, CA 94111
Telephone: (415) 433-0990
Facsimile: (415) 434-1370

*Attorneys for Petitioner and Plaintiff-in-Limitation*
*Linda Frazier*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

IN ADMIRALTY

| | |
|---|---|
| IN RE: COMPLAINT AND PETITION OF LINDA FRAZIER, as to a motor vessel, a 2021 Sea Ray SPX 230 outboard motorboat, FOR EXONERATION FROM OR LIMITATION OF LIABILITY<br><br>Petitioner and Plaintiff-in-Limitation. | Case No.<br><br>**COMPLAINT FOR EXONERATION FROM OR LIMITATION OF LIABILITY** |

NOW COMES the Petitioner, LINDA FRAZIER (hereinafter "Petitioner"), also referred to as a Plaintiff-in-Limitation, with respect to a certain motor vessel identified as a 2021 Sea Ray SPX 230 outboard motorboat, California registration number CF 8662 VS (hereinafter "the Vessel"), by and through its attorneys, Wilson Elser Moskowitz Edelman & Dicker LLP, and hereby petitions for exoneration from or limitation of liability pursuant to 46 U.S.C. § 30505 et seq., 28 U.S.C. § 1333, and under Rule 9(h) of the Federal Rules of Civil Procedure and Rule F of the Supplemental Rules for Certain Admiralty and Maritime Claims and in support thereof avers as follows:

/ / /

1. This is a case of admiralty and maritime jurisdiction under 28 U.S.C. § 1333 and is filed pursuant to Rule 9(h) of the Federal Rules of Civil Procedure along with Supplemental Admiralty Rule F.

2. Venue is proper pursuant to Supplemental Admiralty Rule F(9) because the events giving rise to this action occurred on the navigable waters of Lake Berryessa, in Napa County, California, which is within this judicial district.

3. At all times material hereto, Petitioner was a statutory owner of the Vessel and entitled to petition for exoneration from or limitation of liability within the meaning of the Limitation of Liability Act ("LOLA"), 46 U.S.C. § 30501, *et seq*.

4. On or about June 27, 2021, the Vessel was rented by Yiqin Wang and Yincheng Zhao from Petitioner's boat rental business at Markley Cove Resort on Lake Berryessa, Napa County, California. Wang was operating the Vessel and was towing Rui Ding behind the Vessel on a wakeboard. Ding fell into the water. Wang put the Vessel in reverse while Ding was in the water at the rear of the Vessel. As a result, Ding was pulled into the Vessel's propeller and suffered severe lacerations to her lower torso and both legs (the "Incident"). The Incident was solely caused by operator Wang's actions and failure to maintain a proper lookout, along with violating other aspects of his rental agreement while a person in the water was boarding the Vessel.

5. Petitioner will cause a Letter of Undertaking to be filed at this time in the total sum of $ in accordance with Rule F(1) based on the post-incident value of the Vessel, although Petitioner is also prepared, in respect to security or appraisal, to act in accordance with the provisions of Rules F(1) and (7), when and if the Court should so warrant security to be posted in a different amount.

6. At all material times prior to and during the Incident, Petitioner, as well as all those having interest in the Vessel, exercised due diligence to make and maintain the Vessel in all respects seaworthy, and said Vessel was in fact at all

///

material times and in all respects seaworthy, staunch, strong and properly and could be safely manned, equipped, supplied, navigated and operated.

7. Any and all injuries and damages allegedly resulting from the Incident were not caused by or attributable to any fault, design, neglect or want of due care on the part of Petitioner, or anyone for whom Petitioner may be responsible, including but not limited to anyone claiming or having any ownership interest in the Vessel, and any and all such alleged damage was occasioned and occurred without Petitioner's privity or knowledge.

8. Any and all damages, injuries and losses were occasioned and incurred accidentally and/or as a result of other causes warranting complete exoneration of Petitioner as well as any other beneficial owners from liability.

9. Upon information and belief, the damages which may in the future be asserted might or will exceed the total sum or sums for which Petitioner, and those it represents, may be legally responsible or may be required to pay under applicable statutes and laws governing exoneration from and limitation of liability.

10. Petitioner denies any and all liability for any loss, damage or injury which may be claimed by any person or entity arising out of the Incident and therefore demands exoneration from liability.

11. In the alternative, Petitioner, on behalf of herself, claims the benefit of limitation of liability as provided for in the LOLA, 46 U.S.C. § 30501, *et seq.*

## PRAYER

WHEREFORE, Petitioner prays on behalf of herself:

1. That if deemed necessary by the Court or at the reasonable request of any Claimant, the Court cause due appraisement to be made of the value of the Vessel at the time of the Incident.

2. That the Court order Petitioner to file a Stipulation of Value with surety, or alternatively Letter of Undertaking ("LOU"), pending any demand for appraisal of the value of the Vessel.

3. That the Court enter an Order directing the issuance of a Monition to all persons claiming alleged damages for any and all losses, damage, or injury occasioned or incurred as a result of the Incident, or occurring during the voyage upon which the Vessel was engaged, citing them to appear before this Court and make due proof of their claims, and also to appear and answer the allegations of this Complaint according to law, or thereafter be barred from making any such claims against Petitioner, its agents, representatives, crew members or any person on whose behalf Petitioner may be liable or against the Vessel.

4. That the Court enter an Order approving Petitioner's proposed LOU, should one be required, and that the Court order such increases and decreases in such security as the Court may from time to time deem proper.

5. That the Court issue an Order directing that an injunction shall issue restraining the further prosecution of any and all suits, actions, and proceedings which may have already begun to recover for alleged damages sustained as a result of the Incident and further enjoining the commencement or prosecution thereafter of any suit, action or legal proceeding of any nature against Petitioner, its agents, representatives, employees, or any other person in respect to any claim or claims arising out of the Incident.

6. That the Court adjudge:

(a) That Petitioner and the Vessel are not liable to any extent for any loss, damage or injury for any claim whatsoever in any way arising out of or in consequence of the Incident and, therefore, they are entitled to exoneration from any and all liability which has been claimed against them as a result of the Incident in question, or

(b) If Petitioner shall be adjudged liable and the claims are affirmatively proven, then such liability for all claims shall be limited to the amount of the value of Petitioner's interest in the Vessel after the Incident, and that the money paid or secured be divided *pro rata* among such

claimants as they may duly prove their claims before the Court according to the Limitation of Liability Act and Supplemental Rule F in accordance with the priorities to which they may legally be entitled, and that a decree be entered discharging Petitioner and the Vessel from all further liability.

7. That Petitioner may have such other and further relief as this Court may deem just and proper at law and in equity.

Respectfully submitted,

Dated: September 2, 2026

WILSON ELSER MOSKOWITZ
EDELMAN & DICKER LLP

By: [signature]

B. OTIS FELDER, ESQ.
*CSB Certified Admiralty*
*& Maritime Law Specialist*
*Attorney for Petitioner and Plaintiff-in-Limitation Linda Frazier*